IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRENDA ROBINETTE,
        Plaintiff,

v.

COLUMBUS POLICE
DEPARTMENT, et al.,
        Defendants.

Case No. 2:09-cv-629
JUDGE GREGORY L. FROST
Magistrate Judge Terence P. Kemp

**OPINION AND ORDER**

This matter is before the Court on the Motion of the City of Columbus to Dismiss Plaintiff's Amended Complaint (Doc. # 16) and Plaintiff's Motion to Appoint Counsel (Doc. # 11). Both motions are unopposed. For the reasons set forth below, the Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motion.

**I. Background**

The following allegations are taken from Plaintiff's amended complaint. (Doc. # 14.)

On April 22, 2008, Plaintiff "accidentally rear ended a vehicle stopped in the road." (*Id.* at 1.) Plaintiff was cited by a Grandview police officer for the incident. The officer searched Plaintiff's background information during the incident and informed Plaintiff that she had six outstanding warrants from 1998. The officer arrested Plaintiff for the outstanding warrants and transported her to jail in Columbus, Ohio. Plaintiff's boyfriend cared for Plaintiff's son until she was released from jail.

Plaintiff claims that it is "ridiculous" to believe she could have outstanding warrants because since 1998 she has graduated college, gotten married, given birth, had several car

1

accidents, and worked at two medical laboratories. *Id.* at 2. Plaintiff then alleges:

> It is quite obvious that I have been a victim, for quite some time now. When I had a drug habit 15 years ago, I prostituted to support my habit. I had a record for that because I was arrested for that. I was never arrested for voyeurism, which is entirely different from prostitution. I have put the drugs down and the life I lived with it. I have moved on, I have a career in which I worked hard for. City of Columbus officials feel they can control me and keep me on a leash forever because I have a past. I am a US Citizen with rights that have been and are being violated by the very people put in positions to uphold them.
>
> HARM: I did indeed however, spend the night in jail at no fault of my own. My child was put through emotional trauma and scared. May career as a Medical Professional again jeopardized, as well as my personal life interrupted. My record with the false charges would have me look like a pervert sex offender, rather than a woman using the oldest profession in the book to support her habit.

*Id.* at 3.

Plaintiff alleges that she "was discriminated against for race and color as well as being a woman" by the Grandview Ohio Police Department and the Columbus Ohio Police Department. *Id.* Plaintiff requests relief from the cities of Grandview and Columbus pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

## II. Plaintiff's Motion

Plaintiff requests the appointment of counsel. The appointment of counsel is a privilege in a civil proceeding and is justified only by exceptional circumstances. *See Lavado v. Keohane*, 992 F.2d 601, 604-07 (6th Cir. 1993). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' " *Id.* at 606 (citations omitted). Appointment of counsel pursuant "is not appropriate when a *pro se* litigant's claims are frivolous, *Henry v. City of Detroit Manpower Dep't*, 739 F.2d 1109, 1119 (6th Cir. 1984), or when the chances of success are extremely slim." *Id.*

In the instant action, Plaintiff competently articulated her complaints in a complaint and

in an amended complaint. However, as discussed below, Plaintiff's claims have no chance of success even when the Court accepts all of the factual allegations presented as true. Thus, this case does not present the exceptional circumstances necessary for the appointment of counsel. Accordingly, the Court **DENIES** Plaintiff's Motion to Appoint Counsel.

### III. Defendants' Motion

#### A. Standard

Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,] 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 [(2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

#### B. Analysis

Plaintiff seeks relief under Title VII, which in pertinent part, provides that "[i]t shall be an unlawful employment practice for an employer - - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). Here, Plaintiff is neither employed by either the city of Grandview or the city of Columbus nor does her amended complaint concern either cities' employment practices. Thus, Plaintiff's amended complaint unequivocally fails to state a Title VII claim to relief that is plausible on its face.

The Court, however, recognizes that Plaintiff is proceeding without the assistance of counsel and that her pleadings are to be construed liberally and held to a less stringent standard

3

than are formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21(1972). Thus, the Court will assume *arguendo* that Plaintiff moved under 42 U.S.C. § 1983 ("Section 1983"), which is the proper vehicle for bringing a claim for relief based on the factual assertions in her amended complaint. Section 1983 states that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. To prevail on a Section 1983 claim, Plaintiff "must establish that a person acting under color of state law deprived [her] of a right secured by the Constitution or laws of the United States." *Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001).

It is well settled that a municipality may be liable for Section 1983 damages only for constitutional violations that occur pursuant to an official policy or custom. The United States Supreme Court explained:

> We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978).

Here, Plaintiff does not allege that the execution of any policy or custom of the city of Grandview or Columbus caused her injury. Therefore, even when construing Plaintiff's amended complaint liberally and accepting all of the factual assertions as true, the amended complaint fails to state a claim to relief that is plausible on its face.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Amended

Complaint.

## IV. Conclusion

Based on the forgoing, the Court **DENIES** Plaintiff's Motion to Appoint Counsel (Doc. # 11) and **GRANTS** Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 16). The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE